IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES RUBEN WYNN,

                Plaintiff,

v.

LUCAS WORGENESE, THOMAS MAIER,
DUSTIN ROHWER, DANIEL FIELDS,
DANIEL DREGER, and DANIEL FRISCH,

                Defendants.

ORDER

18-cv-333-jdp

---

Pro se plaintiff Charles Ruben Wynn, an inmate at Columbia Correctional Institution (CCI), is proceeding on Eighth Amendment deliberate indifference claims and First Amendment retaliation claims against various CCI officials based on their responses to Wynn's November 7, 2017 self-harm attempt. Two months ago, Wynn wrote the court requesting assistance in authenticating documents from his healthcare records so that he can use them as evidence in the case. Dkt. 25. He asked me to send a personal letter to the supervisor and coordinator of CCI's Health Services Unit, asking her to sign a declaration stating that Wynn's documents are true and correct. (Wynn did not include copies of these documents in his submission, so it is not clear exactly what they are.) The clerk of court told Wynn that it would be inappropriate for me to send such a letter and directed him to the Federal Rules of Evidence governing authentication. Dkt. 26. The clerk also told him that parties to litigation can stipulate to a document's authenticity.

Wynn has now filed a motion "pursuant to [Federal Rules of Civil Procedure] 34(b) and 37(a) for an order compelling the defendants to produce a signed declaration pursuant to 28 U.S.C. § 1746 authenticating the (4) documents [that Wynn] sent to AAG Rachel

Bachhuber on June 23, 2019." Dkt. 59. He attaches to his motion a declaration that he has prepared regarding the authenticity of the four healthcare records. *See* Dkt. 60-1. Once again, Wynn does not include the four records at issue.

I will deny Wynn's motion. The federal rules do not provide for the relief that Wynn is seeking. Under Rule 34, parties must produce in discovery relevant documents, electronically stored information, and designated tangible things in their possession, custody, or control. Fed. R. Civ. P. 34(a)(1). The rule does not require parties to create new records that didn't previously exist, or to sign declarations created the by the other party. A motion to compel under Rule 37 cannot be used to force a party to do something not otherwise provided for in the federal rules. And even if Wynn's motion were a proper motion to compel, I would deny it because he fails to include the four documents at issue. I would not order any sort of relief unless I fully understood the nature of the request.

I understand Wynn's desire to resolve any potential authentication issues ahead of time, but he should know that in most cases, litigants are able to authenticate their evidence without court intervention. For instance, Wynn can serve requests for admission on defendants under Rule 36, asking them to admit that each document is an authentic copy of a record from his medical file. For more information about requests for admission, Wynn should refer to pages 111–14 of this court's Guide for Litigants Without a Lawyer. Alternatively, for purposes of responding to defendants' summary judgment motion, Wynn can simply follow the instructions in the "Motions for Summary Judgment" section of the document included with the preliminary pretrial conference order. Dkt. 18. That document instructs that a litigant may authenticate documentary evidence "either by an affidavit or by stipulation of the parties." If Wynn cannot get defendants to stipulate to the authenticity of his documents, he can submit

an affidavit attesting that those documents are authentic. In most cases involving prison issues, the authenticity of documents issued by prison officials is not challenged by the defendants.

ORDER

IT IS ORDERED that plaintiff Charles Ruben Wynn's motion to compel, Dkt. 59, is DENIED.

Entered August 23, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge